UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )<br>)<br>DONOVAN BOSTICK                           )<br>                                                           ) | CRIMINAL ACTION<br><br>NO. 06-21 (RBW) |

DEFENDANT DONOVAN BOSTICK'S MOTION FOR LEAVE TO ALLOW
HIS SUBSTITUTE APPOINTED COUNSEL TO FILE PRETRIAL MOTIONS

NOW COMES defendant DONOVAN BOSTICK, by and through undersigned counsel, and moves this Court to allow his newly-appointed substitute counsel a reasonable period of time to file pretrial motions on his behalf. In support of this motion, Mr. Bostick shows as follows:

1.

Donovan Bostick is named as one of eight defendants in a superseding indictment filed August 23, 2006. Count 1 charges that all of the named defendants participated in a larger drug conspiracy under Title 21. Counts 110, 111, 112, 113, 114 and 115 charge Mr. Bostick with crimes relating to three smaller drug transactions that took place on October 16, 17, and 20, 2005; for each of these three events, Mr. Bostick is charged with both a substantive Title 21 distribution offense and with using a communication facility to facilitate that distribution.

2.

The warrant for Mr. Bostick's arrest on this superseding indictment was returned on August 30, 2006. At an initial appearance, U.S. Magistrate Judge Alan Kay found Mr. Bostick eligible for representation under the Criminal Justice Act. On that date, and for more than 18 months thereafter, Mr. Bostick was represented continuously by predecessor appointed counsel.

1

3.

At a status conference held April 27, 2007, attended by Mr. Bostick's predecessor counsel, this Court established a schedule for the filing of pretrial motions. After receiving later requests from some of Mr. Bostick's co-defendants for additional time to file pretrial motions, this Court extended this deadline for all defendants, through October 26, 2007 (Docket #106).

4.

Ultimately, various pretrial motions and briefs (or motions to adopt and conform other defendants' pretrial motions and briefs) were filed on behalf of each of Mr. Bostick's co-defendants, including specifically the following written pleadings: Cinquan Blakney (Docket #19, 23, 86, 87, 88, 89, 90, 91, 92, 93, 98, 121, 122, 123, 124, 125, 126, 127), Ralph Ingram (Docket #18, 21, 22, 95, 96, 99, 105, 115, 118, 151), Tristan Sellers (Docket #120), India Graves (Docket #94, 97, 107, 108, 110, 111, 112, 113, 114), Sean Blakney (Docket #100, 101, 102, 128), James Morgan (Docket #116, 117, 129), Kevin Morris (Docket #103, 104).

5.

No pretrial motions were filed in this case for Mr. Bostick. At present, Mr. Bostick is the only named defendant who has not yet filed or moved to adopt any pretrial motions.

6.

On March 19, 2008, Mr. Bostick was provided with substitute appointed counsel. After conducting an initial review of Mr. Bostick's case, undersigned substitute appointed counsel believes that the filing of pretrial motions on Mr. Bostick's behalf would materially advance his defense. Undersigned counsel therefore now seeks leave of court to allow him a reasonable period of time to file on Mr. Bostick's behalf pretrial motions that undersigned counsel believes in his professional judgment are appropriate to protect Mr. Bostick's legal rights and interests.

7.

This motion should be granted, among other reasons, because of the stated seriousness of the charges facing Mr. Bostick. The Government has repeatedly argued in its various filings in this case – in motions seeking detention of each of these defendants and elsewhere – that the charges filed against all of the defendants are quite serious, and that each of the defendants face potential sentences ranging from a mandatory minimum of at least 10 years of incarceration to a maximum of life imprisonment. The Government has also filed a Notice of Additional Penalties Pursuant to 21 U.S.C. Section 841(B)(1) and 851 as to Donovan Bostick (Docket #83).

8.

It would be unjust to force Mr. Bostick to face criminal charges of the severity described above without the benefits or protections of any pretrial motions.

9.

As noted above, undersigned counsel acknowledges this Court's stated deadline appears to have passed for the filing of pretrial motions – a deadline that this Court established prior to his appointment in this case as substitute counsel for Mr. Bostick. *See* Paragraph 3, supra. That deadline appears to have been selected primarily based on a need to achieve full briefing and resolution of all pretrial motions prior to a trial that was scheduled to begin on March 11, 2008. That trial date has now been postponed, however, and for an extended period of time.

10.

The trial of this case is now scheduled to begin on February 9, 2009. Resolution of the pretrial motions previously filed and briefed has also been substantially postponed, with hearings now scheduled for September 5, 2008 (on discovery motions) and February 2, 2009 (on other

motions). The need for strict adherence to the deadline previously established for the filing of pretrial motions no longer is apparent.

11.

Given that many months still remain before the pretrial motions filed in this case will be heard or decided, the Government will not be prejudiced by the granting of this motion.

12.

This motion does not seek blanket authority for Mr. Bostick to file pretrial motions, but only leave for him to file pretrial motions for a reasonable, limited window of time. Undersigned counsel respectfully suggests that extending the deadline for Mr. Bostick's new counsel to file motions through April 30, 2008 appears reasonable under the circumstances of this case – which this Court has already previously designated as unusually complex (Docket #55), and in which undersigned counsel must attempt to review voluminous discovery and over two years of pleadings and past court proceedings. Allowing pretrial motions to be filed through April 30, 2008 – or indeed, even longer – would still allow all motions to be filed without any attendant risk of disruption to the first motions hearing scheduled (in September) before this Court. An extension of any length of time deemed reasonable by this Court, however, would be welcomed.

13.

Mr. Bostick has not previously sought any extensions of time to file pretrial motions in this case.

14.

Undersigned counsel left voice messages and sent emails today to both Assistant United States Attorneys George Eliopoulos and Anthony Scarpelli in an effort to discuss this motion in

advance of its filing, and to determine the Government's position. No response has yet been received, so it is not yet known whether the Government will consent to or oppose this motion.

WHEREFORE, Mr. Bostick respectfully requests that this motion be granted, and that his substitute appointed counsel be given until April 30, 2008 to file pretrial motions on his behalf.

Respectfully submitted,

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT DONOVAN BOSTICK'S MOTION FOR LEAVE TO ALLOW HIS SUBSTITUTE APPOINTED COUNSEL TO FILE PRETRIAL MOTIONS is being served upon the United States, through Assistant United States Attorneys Anthony Scarpelli and George Eliopoulos, as well as upon counsel for each of Mr. Bostick's co-defendants, through the Electronic Case Filing system. This 31ST day of March, 2008.

_____/s/_____
Gregory S. Smith