UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL ACTION |
| ) | |
| DONOVAN BOSTICK ) | NO. 06-21-08 (RBW) |

## DEFENDANT BOSTICK'S MOTION FOR PRETRIAL DISCOVERY

NOW COMES defendant DONOVAN BOSTICK, by and through undersigned counsel, and moves this Court to order the production of certain pretrial discovery related to his defense.

### OVERVIEW

Defendant Bostick is aware that some of his co-defendants have filed pretrial motions seeking generic pretrial discovery. While Defendant Bostick is adopting those motions, he also notes that the Government has opposed certain of his co-defendants' generic discovery requests on narrow grounds that appear to suggest individualized flaws in those motions. *See, e.g.,* Government's Omnibus Response to Defendants' Discovery, Evidentiary and Trial Procedure Motions (Docket #144), at 9 ("These requests are not warranted *under the authority defendant cites.*") (emphasis added). Accordingly, Mr. Bostick files this separate motion, laying out more specific authority for his requests, rather than merely adopting his co-defendants' motions.

Defendant Bostick also notes that the Government's response to his co-defendants' pretrial discovery motions may suggest an unusually narrow view of the Government's discovery obligations. The Government's response claims, for example, that it "is only required to disclose information within its possession." *Id.* at 8. *See also id.* at 9 (""Under Fed. R. Crim. P.

1

16(a)(1)(B), the government is only obligated to disclose to the defendant any relevant written or recorded statement by the defendant if the statement is within the government's possession...."). Under the law, however, the Government's obligations extend beyond documents within its actual possession, to items within its custody and control. *See, e.g.,* Fed. R. Crim. P. 16(a)(1)(B)(i) (also requiring disclosure if the attorney for the government "knows – or through due due diligence could know – that the statement exists"). Consistent with due process, the prosecutors also have a duty to learn of any favorable evidence known to others acting on the government's behalf. *See* Youngblood v. West Virginia, 547 U.S. 867 (2006) (*Brady* suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor). Particularly in a case such as this, which involves a wide-ranging investigation utilizing multi-agency task forces, this Court should order the prosecutors to inquire of each agency involved in the investigations to ensure the Government's compliance with its Rule 16 and other pretrial discovery obligations.

Finally, the Government's response to the pretrial discovery motions filed in this case appears to propound an expansive view of the Jencks Act, ignoring its recognized exceptions and this Court's inherent authority to order additional pretrial discovery in its discretion in an appropriate case, consistent with other laws and the broader constitutional guarantees of due process. The Government has also revealed its intention to provide most "Jencks/*Giglio* packets to the defense on the Thursday the week before the witness testifies." *Id.* at 3.[1] In this trial that is anticipated to last three months, this means that the vast majority of such information would likely not be provided until well after the trial begins, and long after opening statements would

---

[1] If witness security concerns exist, the Government further advises that it will provide certain Jencks and *Giglio* materials to the defense even "closer to the date the witness testifies," apparently regardless of whether the Court has concurred that those security concerns justify delays in disclosure, and regardless of alternatives such as a protective order or other measures that might alleviate such security concerns.

2

usually have been made. Forcing defendants to consider opening statements wholly in the dark about upcoming *Giglio* materials that will be revealed mid-trial in a piecemeal fashion is inconsistent with the idea that disclosures must be made in time for defendants to make use of it. Moreover, forcing defense counsel or investigators to divert attentions mid-trial in an effort to verify or rebut such information would likely yield only unfairness or a need for continuance, at a time when jurors' lives already will have been disrupted. An order for pretrial disclosure, by contrast, would resolve most or all of these concerns.

Mr. Bostick deserves a fair trial, and this Court's Order on the issue of pretrial discovery should be drafted in a manner that achieves that objective, and minimizes the risk of delays, disruptions or even a new trial or reversal that could be caused by unnecessary and unwarranted delays in pretrial disclosure. *See* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

## SPECIFIC DISCOVERY REQUESTS

Pursuant to Defendant Bostick's due process and other constitutional rights, and the other authorities cited below, Mr. Bostick respectfully requests the following pretrial information no later than 30 days after this Court issues a ruling on defendants' pretrial discovery motions, unless otherwise indicated:

**(1) Statements**

    (a) **Defendant's Written or Recorded Statements [Fed. R. Crim. P. 16(a)(1)(B)].** The Government should be ordered to immediately produce (1) Any relevant written or recorded statement by the defendant within the possession, custody or control of the government that is known, or that through due diligence may become known, (2) Any reference in any written record of any oral statement made before or after arrest by the defendant to a person known by the defendant to be a government agent, and (3) Defendant's grand jury testimony (if any exists) relating to the charged offenses.

The Government has suggested that no such statements by Mr. Bostck exist, but the Government should be ordered to exercise due diligence to confirm this, and immediately provide any such statements if they are discovered to be within the government's possession, custody or control.

**(b) Defendant's Oral Statements [Fed. R. Crim. P. 16(a)(1)(A)].** The Government should be ordered to immediately produce the substance of any oral statements made by the defendant, whether before or after interrogation by any person then known by the defendant to be a government agent or law enforcement officer, that the government intends to use in any manner at trial – regardless of whether any written record of the statement exists. In the event the government intends to use such an oral statement at trial, this Court should order, consistent with Fed. R. Crim. P. 16(a)(1)(A), that the statement be reduced to writing and produced. This request includes the substance of the defendant's response to *Miranda* warnings. The Order should also specifically order the Government to ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

**(c) Defendant's Prior Record [Fed. R. Crim. P. 16(a)(1)(D)].** The Government should be ordered to immediately produce a copy of the defendant's criminal record within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government. This request includes the defendant's entire criminal record, including all arrests and offenses regardless of conviction or severity. It also includes all matters that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

**(2) Documents, Data and Objects.** The Government should be ordered to immediately produce:

**(a) Documents, Data or Objects Material To Preparing A Defense [Fed. R. Crim. P. 16(a)(1)(E)(i) and *Brady v. Maryland*, 373 U.S. 83 (1963)].** The Government should be ordered to permit the inspection, copying or photographing of all documents, data or tangible objects within the possession, custody or control of the government that are material to the preparation of the defense. This materiality burden "is not a high one," and it includes information that both helpful to a defense and inculpatory. *See United States v. Safavian*, 233 F.R.D. 2, 15 (D.D.C. 20006) (it is just as important for the defense to know its potential pitfalls as well as its strengths). This rule requires production of more than simply material that directly refutes the Government's case-in-chief. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("defendant's defense" in Rule 16(a)(1)(E)(i) means "defenses in response" to the Government's case-in-chief). *See also id.* (Souter, Breyer & Ginsburg, JJ., concurring) ("material to the defense" may include defenses unrelated to the mertis, such as a Speedy Trial Act claim, forseeable surrebuttal to a likely government rebuttal, and defenses such as alibi, self-defense, duress, insanity, entrapment and public authority). The goal of the production should be not only to produce documents that "significantly ... alter the quantum of proof in [the defendant's] favor," *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975), but also documents that are "relevant to the development of a possible defense." *United States v. Mandel*, 914 F.2d 1215 (9th Cir. 1990). This request specifically includes, but is not limited to, any polygraph test given to any witness, informant, or other individual, as well as a written summary of the questions asked, responses given, and examiner's conclusions. It also includes all statements, criminal records and any presentence reports prepared for any of his co-defendants, or for any cooperating witnesses or informants that the Government has utilized.

(b) **Material Government Intends To Use In-Chief [Fed. R. Crim. P. 12(b)(4)(B) & 16(a)(1)(E)(ii)].** The Government should be ordered to produce or otherwise make available all documents, data and tangible objects, including tape recordings and transcripts, which the government intends to use as evidence in its case-in-chief. In this regard, the Government also should be ordered to produce any index or working exhibit list of items it intends to introduce at trial. *See* United States v. Madeoy, 652 F. Supp. 371, 375 (D.D.C. 1987) (within court's discretion to order Government to provide witness or exhibit list); United States v. Falkowitz, 214 F. Supp. 2d 365, 392 (S.D.N.Y.) (ordering Government to produce working copy of exhibit list before trial began). The Government should also be ordered to separately identify any materials being produced in this category from the materials being produced in other categories.

(c) **Material Obtained From or Belonging To Defendant [Fed. R. Crim. P. 16(a)(1)(E)(iii)].** The Government should be ordered to produce all materials obtained from or belonging to the defendant that are within the possession, custody or control of the government regardless of how obtained or the identity of the person who obtained them.

### (3) Reports of Examinations and Tests [Fed. R. Crim. P. 16(a)(1)(F) and *Brady*].

The Government should be ordered to produce all results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the government, or that by the existence of due diligence may become known to the government, and which are material to the preparation of Mr. Bostick's defense or are intended for use by the government as evidence in chief at trial. This request, like Request (2)(a) above, includes, but is not limited to, any polygraph test given to any witness, informant, or other individual, as well as a written summary of the questions asked, responses given, and examiner's conclusions. In the event that the results of any scientific tests were reported orally to the prosecutor or to any government official or law enforcement officer, the Government should also be ordered to cause a written report of the results to be made and produced, consistent with their obligations under *Brady* and Fed. R. Crim. P. 16(a)(1)(G). To assure compliance with this request, the prosecutor should be ordered to contact each law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and if so, the results or reports should be ordered produced.

### (4) Expert Witnesses [Fed. R. Crim. P. 16(a)(1)(G)]

Pursuant to Rule 16(a)(1)(G), the Order should state that, in the event the Government intends to offer any expert testimony under the Federal Rules of Evidence through any witness, including a government agent or employee or law enforcement officer, it should prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of each such expert witness. Even if a summary does not currently exist, the prosecutor must order one prepared to comply with this request. *See* Rule 16 Advisory Committee Note to 1993 Amendments. The facts and data on which the expert's opinion are based should be disclosed as part of the report. *See, e.g.*, United States v. Wilkerson, 189 F.R.D. 14, 16 (D. Mass. 1999) (Rule 16(a)(1)(G) is intended to require disclosure of more than required by Rule 16(a)(1)(F)). This production should also be ordered to occur sufficiently in advance of trial so that the defense will have adequate time to react as needed, by filing a motion in limine, or by exploring the option of retaining a rebuttal expert witness, in order to assist in the cross-examination of such experts or by testifying in the defense's case.

## (7) Brady/Giglio Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), this Court should order the Government to produce any and all exculpatory material that relates to or has a bearing on guilt or punishment, including all impeachment evidence or information that is within its possession, custody or control. The Government should be ordered to produce this material immediately, or as soon therafter as it comes within its possession, custody or control, so that defendant can use it effectively in the preparation and presentation of his defense. *United States v. Pollock*, 534 F.2d 964, 973 (D.C. Cir. 1976); *accord United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *United States v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984); *United States v. Recognition Equipment, Inc.*, 711 F. Supp. 1, 4 (D.D.C. 1989). The Government also should be ordered to exercise diligence in seeking such evidence, since the due process clause prevents suppression of exculpatory material irrespective of the good faith or bad faith of the prosecutor. Pursuant to *Giles v. Maryland*, 386 U.S. 66, 74 (1967), the Government also should be ordered to produce any favorable evidence that could be used "in obtaining further evidence."

If the Government believes that any *Brady* or *Giglio* material need not be produced immediately because it is also Jencks Act material, it should be ordered to present such evidence to the Court for *in camera* review and an evaluation of pretrial need, with the defense to be provided with a summary of the general nature of the evidence. If the Government refuses to provide any information that might arguably be considered to be *Brady* or *Giglio*, or that is exculpatory or impeaching as to any charge, defense, or punishment, based on a Government belief that such evidence or information is somehow not "material," or based on its unilateral assessment of a witness' credibility, or if any doubts exist with regard to whether certain information might constitute *Brady* or *Giglio* material, this Court should order the Government to submit all such material or information to the Court, with notice to the defense, for review *in camera* to resolve those issues. *See, e.g., Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981); *United States v. Gleason*, 265 F. Supp. 850, 886 (S.D.N.Y. 1967) (favorable material that must be disclosed to the defense under *Brady* need not be competent evidence admissible at trial).

## (8) Jencks Act Material

The Government should be ordered to produce Jencks Act material early enough to furnish the defense with sufficient time to examine and utilize this material in a meaningful way before and during trial, and to prevent the unnecessary delays at trial that would otherwise ensue. *See United States v. Hinton*, 631 F.2d 769, 781 (D.C. Cir. 1980) (abuse of discretion for a court to deny a request for reasonable delay to allow counsel an opportunity examine witness statements and prepare to effectively use them at trial.). What that means in terms of timing depends on the specific facts and circumstances of each case. But this Court has authority, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Fed. R. Crim. P. 2 and/or its inherent supervisory powers, to urge the Government to make an early production of Jencks Act materials, or in some situations to override the timing provisions set forth in the Jencks Act.

In *United States v. Hinton*, 631 F.2d 769 (D.C. Cir. 1980), the D.C. Circuit recognized the potential impact of late Jencks Act disclosure upon the defendant's Sixth Amendment rights. There, during a hearing, defense counsel was provided with "voluminous Jencks material" in the form of FBI 302s. *Id.* at 781. This Circuit held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's," and as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." *Id.* at 782.

Here, in order to accomplish even a rudimentary investigation as needed to provide effective assistance to the defendant, and to make fair use of these materials in this admittedly complex case involving multiple defendants and conspiracy charges that span many years, often based on claims made by an undetermined number of informants, defense counsel and his investigator will require production of Jencks Act material well before the jury is sworn. *See United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983) (providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents); *United States v. Snell*, 899 F. Supp. 17, 24 (D. Mass. 1995) (nothing in Jencks Act preempts a court's ability, consistent with its obligations over case management and due process, to order earlier disclosure than Jencks Act requires).

Under the facts of this case, the defense submits that all Jencks Act material should be ordered disclosed in advance of the trial, and in any event, before the jury is selected and the parties' opening statements are given, in order to assist the defendant in achieving a fair trial, and to serve the public interest in expediting the fair resolution of criminal cases. *See* ABA Standards for Criminal Justice, § 11-2.2, *see, e.g., United States v. Tarantino*, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Hinton*, 631 F.2d 769 (D.C. Cir. 1980); *United States v. Poindexter*, 727 F. Supp. 1470, 1484-85 (D.D.C. 1989). It is fundamentally unfair, and would only promote gamesmanship and injustice, to permit the Governemnt to sit on witness statements for a period of years while memories grow stale, only to then dump extensive Jencks Act materials on a defendant who has been forced to complete jury selection, and perhaps give an opening statement, based on incomplete information.

### (9) Sentencing Information [U.S.S.G. § 6B1.2, p.s. comment]

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines. U.S.S.G. §6B1.2, p.s. comment. To insure that Mr. Bostick can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, this Court should order the Government to advise Mr. Bostick of any facts and circumstances presently known to the Government or reasonably discoverable within its possession, custody or control, that relate to sentencing issues arising under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, or to any reason to depart or deviate from any of those guidelines, if Mr. Bostick is convicted of any one or more of the charges in the superseding indictment.

More specifically, this Court should order the Government to produce to the defendant, as soon as such information is available, the following information related to this case:

- What guidelines does the government contend are applicable?
- What aggravated offense characteristics, if any, does the government contend are applicable?
- What adjustments, if any, does the government contend are applicable?
- Upon what grounds, if any, will the government seek a departure from the guidelines?
- What criminal history category does the government contend is applicable?

The Government should also be ordered to provide any information that would bear upon the calculation or computation of the following sentencing and guideline factors:

- Base offense level
- Specific offense characteristics
- Relevant conduct
- Adjustments for criminal history

8

As noted previously, the Order should also specify that any *Brady* information that is favorable to Mr. Bostick and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea of guilty or conviction must be produced.

**(10) Continuing Discovery Obligations [Fed. R. Crim. P. 16(c)]**

Finally, pursuant to Rule 16(c), the Order should specify that the Government, after any production, assertion of a justification for non-production, or a court-ordered discovery deadline, has a continuing duty to advise the defendant of any new information as it becomes available, and should disclose all discoverable information to the defendant immediately thereafter.

WHEREFORE, Mr. Bostick respectfully requests that this motion be granted, and that the Government be ordered to produce the discovery requested herein no later than 30 days after the resolution of this motion, unless otherwise indicated.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT BOSTICK'S MOTION FOR PRETRIAL DISCOVERY is being served upon the United States, through Assistant United States Attorneys Anthony Scarpelli and George Eliopoulos, as well as upon counsel for each of Mr. Bostick's co-defendants, through the Electronic Case Filing system. This 30TH day of April, 2008.

/s/
Gregory S. Smith