UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| DONOVAN BOSTICK ) | NO. 06-21-08 (RBW) |
| ) | |

**DEFENDANT BOSTICK'S MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENT TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

NOW COMES Defendant Donovan Bostick, by and through undersigned counsel, and respectfully moves this Court for entry of an Order directing the government to make inquiries in a good faith effort to locate evidence arguably subject to suppression, and to serve and file specific written notice and designations, pursuant to Rule 12(b)(4) of the Federal Rules of Criminal Procedure, of the following:

1. Any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which the government presently or at any time contemplates or considers using in its evidence at trial, in order to afford the Defendant an opportunity to move for suppression.

2. In addition to such other evidence as may be subject to Rule 12(b)(4), notice of the following specific evidence or information is requested pursuant to Rule 12(b)(4) unless the Government has already provided written notice, transcripts or inventories:

   (a) Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding this defendant;
   (b) Evidence that was obtained through the execution of any search or seizure warrant, or that relates to or was derived from any such warrant regarding this defendant;
   (c) Evidence that was obtained through any electronic or mechanical surveillance or tape recordings, or that relates to or was derived from any such surveillance or recordings regarding this defendant;

1

    (d) Evidence that was obtained through any use of a beeper or other tracking device, or that relates or was derived from any such beeper or other tracking device regarding this defendant;

    (e) Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding this defendant;

    (f) Any evidence relating to the exhibition or display of the defendant's photograph, likeness, image, or voice recording to anyone, not then employed by a law enforcement agency regarding this defendant;

    (g) Any written, recorded, or oral statements of the defendant, or any other written, recorded, or oral statements by others intended to be offered as a statement of this defendant. This paragraph includes any statement of this defendant that is known to the government that in any way relates to (i) offenses charged in the superseding indictment, (ii) any other offense or act the Government may seek to introduce under Fed. R. Evid. 404(b), (iii) any defenses that may be available to this defendant, or (iv) sentencing under the Sentencing Guidelines.

3.     Defendant further requests that any evidence or information that falls within Rule 12(b)(4) be specifically identified from among the items of other discovery that has been or will be produced pursuant to Rule 16.

## ARGUMENT AND CITATIONS OF AUTHORITY

In order to expedite preparation for trial and to avoid necessary interruptions during trial to hear suppression or exclusion issues, a means is provided under Rule 12(b)(4) of the Federal Rules of Criminal Procedure for early notice and pretrial litigation of such questions. Rule 12(b)(4)(B) provides:

> At the Request of the Defendant. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence in chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

In this case, Defendant Bostick invokes the means and method authorized by Rule 12(b)(4), calling upon the Government to advise the defendant of certain specific evidence, which may arguably be subject to challenge or suppression. By such disclosure, a defendant is alerted to the necessity, if it exists, of making an appropriate motion to challenge or suppress. This motion requests notice of evidence "arguably" subject to challenge or suppression. As Rule 12(b)(4) recognizes, if an argument in favor of suppression properly can be made, counsel is entitled to the opportunity to make it. Without such notice, or if the Government withholds full disclosure of the facts about how its evidence was obtained, a defendant may not know what may need to be suppressed.

Although Rule 12(b)(4) speaks only of evidence that the Government intends to use in its case-in-chief, federal courts also have the inherent authority to require the Government to give notice of such evidence that the Government intends to use for any reason. *See United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973). Such notice is required to ensure fundamental fairness and administrative efficiency. *See United States v. Holmes*, 343 A.2d 272, 276-77 (D.C. 1975). The Court's power to require the Government to give a defendant notice of its intent to use evidence susceptible to suppression also helps eliminate the danger of unfair prejudice. It is imperative that Defendant be afforded an opportunity to file pre-trial motions to suppress such evidence, in order to minimize such prejudice, and to reduce the risk of undue delays during the trial.

In the present case, a potential exists that the government may later discover and seek to use evidence that is susceptible to suppression, but which has not yet been disclosed. In the Government's Omnibus Response to Defendants' Discovery, Evidentiary and Trial Procedure Motions (Docket #144), the Government repeatedly makes comments about how "the government is only required to disclose information within its possession." *Id.* at 8. *See also id.* at 9 (""Under Fed. R. Crim. P. 16(a)(1)(B), the government is only obligated to disclose to the defendant any relevant written or recorded statement by the defendant if the statement is within the government's possession...."). Under the law, however, the Government's obligations clearly extend beyond items within its actual possession, to items within its custody and control. *See, e.g.,* Fed. R. Crim. P. 16(a)(1)(B)(i) (also requiring disclosure if the attorney for the government "knows – or through due due diligence could know – that the statement exists"). The prosecutor also has a duty to learn of any favorable evidence known to others acting on the government's behalf. *See* Youngblood v. West Virginia, 547 U.S. 867 (2006) (*Brady* suppression occurs when the government fails to turn over even evidence that is known only to police investigators and not to the prosecutor). Particularly in a case like this, involving a wide-ranging investigation utilizing multi-agency task forces, this Court should order the prosecutors to inquire of each agency involved in the investigations and provide Defendant Bostick with notice of all evidence arguably susceptible to suppresion.

Defendant Bostick particularly wishes to ensure the production of all statements that arguably attributable to him. Rule 16's requirement for the disclosure of defendant statements is not limited to the disclosure of admissions. It includes tapes and transcripts obtained by court-ordered electronic surveillance or consensual electronic or body wire interception. A defendant's statements need not have been made to, or directly obtained by, a government agent or other law enforcement officer, or be a recital of past events, in order for disclosure to be required. A statement of a defendant is relevant and must be disclosed if it in any way relates to the offenses charged, or to defenses, or to any other offense evidence under Fed. R. Crim. P. 404(b). Under Rule 16(a)(1)(E), the Government also should advise the defense not only of potentially suppressible evidence that the government intends to use in evidence at trial, but also any such evidence that will be referred to or relied upon by Government witnesses. Statements of the defendant that are relevant to sentencing also should be ordered disclosed pretrial, since under *United States v. Booker*, 543 U.S. 220 (2005), an "admission" by the defendant may deprive that defendant of the opportunity for a jury trial on a sentencing enhancement.

If the prosecutor, after due diligence, finds *any* statement of this defendant within its possession, custody or control, but believes that the statement is somehow not subject to immediate pretrial disclosure under Rule 16 or some other reason, the Government should be ordered to submit said statement to the Court for an in camera review, so that the need for its production can be decided by the Court and, if necessary, the issue can be preserved for appeal.

Finally, defendant moves this Court to require the Government to specifically identify any evidence or information that falls within the category of Rule 12(b)(4), separate and apart from other discovery that will be produced pursuant to Rule 16. It is not the intent or purpose of Rule 12(b)(4) for the Government to simply reply that this evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. Specific identification of Rule 12(b)(4) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources and, if appropriate, to afford the defendant an opportunity to move to suppress.

WHEREFORE, for the foregoing reasons, Defendant Bostick requests the Court to grant the relief sought herein.

Respectfully submitted,

_____/s/_____
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT BOSTICK'S MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENT TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION is being served upon the United States, through Assistant United States Attorneys Anthony Scarpelli and George Eliopoulos, as well as upon counsel for each of Mr. Bostick's co-defendants, through the Electronic Case Filing system. This 30th day of April, 2008.

_____/s/_____
Gregory S. Smith