UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| DONOVAN BOSTICK ) | NO. 06-21-08 (RBW) |

**DEFENDANT'S MOTION FOR ADVANCE NOTICE AND EXCLUSION
OF ALL CO-CONSPIRATOR STATEMENTS AND HEARSAY**

NOW COMES Defendant Donovan Bostick, by and through undersigned counsel, and respectfully moves this Court for an order requiring advance notice of, and also precluding admission at trial of any out-of-court statements purportedly made by any indicted or unindicted co-conspirators which directly or indirectly referred to him, or which otherwise may be used to incriminate him unjustly. In support of this motion, Defendant Bostick submits the following.

Undersigned counsel anticipates that the Government may attempt to offer into evidence, under Fed. R. Evid. 801(d)(2)(E), out-of-court statements made by numerous indicted or unindicted co-conspirators at trial.[1] Undersigned counsel further anticipates that some or all of those out-of-court statements may either refer to Defendant Bostick, directly or indirectly, or otherwise may be used to try to incriminate Defendant Bostick at trial.

---

[1] This includes, but is not limited to, all statements provided to Mr. Bostick's co-defendants pursuant to Fed. R. Crim. P. 16(a)(1)(B). Given the Government's current plans for a joint trial, and its likely attempts to utilize Fed. R. Evid. 801(d)(2)(E), any statements of one co-defendant should immediately be provided to all of the defendants.

1

Pursuant to Fed. R. Evid. 801(d)(2)(E), statements that would otherwise be hearsay may be admissible, but only if they are made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." For a declaration by a co-conspirator to be admissible against a defendant under this subsection of Rule 801, the Government must establish by a preponderance of the evidence the following: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of that conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy. *See* United States v. Beckham, 968 F.2d 47, 51-52 (D.C. Cir. 1992).

In the instant case, any out-of-court statements by co-conspirators that the Government seeks to admit at trial should be carefully reviewed by the Court before their admission, and should be admitted only if the Government satisfies the burden set forth above. In order to minimize the prejudicial impact of such statements, the Court should make a determination as to their admissibility before the statements are presented to the jury. Defendant recognizes that this Circuit has approved a practice of admitting co-conspirator declarations conditionally, subject to connection. United States v. Gantt, 617 F.2d 831, 845 (D.C. Cir. 1980). If this Court follows that practice, however, and the Government then fails to satisfy its burden or fails to make the requisite connection, the jury will have heard the damaging statements. Even if the Court were to give a curative instruction, the jury will have difficulty not considering the statements in their deliberations. A mistrial or reversal may then result, and this will needlessly waste the Court's resources. Defendant submits that it would be far more efficient to require the Government to meet its burden pre-trial, or at least in advance of the admission of such testimony.

WHEREFORE, Defendant respectfully requests that this Court require the Government to provide advance notice of all co-conspirator statements that it may seek to introduce under Fed. R. Evid. 801(d)(2)(E).[1] Furthermore, Defendant requests that this Court evaluate and determine the admissibility of such out-of-court statements before the statements are actually presented to the jury, and that any out-of-court statements by co-conspirators be deemed inadmissible at trial in this case unless the Government has satisfied its burden of proof that the hearsay exception under Rule 801(d)(2)(E) applies to such statements.

Respectfully submitted,

/s/
Gregory S. Smith
D.C. Bar No. 472802
913 East Capitol Street, S.E.
Washington, D.C. 20003
(202) 460-3381

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION FOR ADVANCE NOTICE AND EXCLUSION OF ALL CO-CONSPIRATOR STATEMENTS AND HEARSAY is being served upon the United States, through Assistant United States Attorneys Anthony Scarpelli and George Eliopoulos, as well as upon counsel for each of Mr. Bostick's co-defendants, through the Electronic Case Filing system. This 30th day of April, 2008.

/s/
Gregory S. Smith

---

[1] To the extent that the Government intends to seek admission of any evidence under the residual hearsay exception, it should similarly provide that notice, as required under Fed. R. Evid. 807, "sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it," and the particulars of the statement, including the declarant's name and address.

3