UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>DONOVAN BOSTICK )<br>) | CRIMINAL ACTION<br><br>NO. 06-21-08 (RBW) |

## DEFENDANT BOSTICK'S MOTION TO DISMISS COUNT 1

NOW COMES defendant DONOVAN BOSTICK, by and through undersigned counsel, and moves this Court to dismiss Count 1 of the superseding indictment.

### BACKGROUND

Donovan Bostick is named as one of eight defendants in a superseding indictment filed August 23, 2006. Count 1 charges all of the named defendants with participating in a large drug conspiracy under Title 21. Counts 110, 111, 112, 113, 114 and 115 charge Mr. Bostick with crimes relating to three smaller drug transactions that took place on October 16, 17, and 20, 2005; for each of these three events, Mr. Bostick is charged with both a substantive Title 21 distribution offense and with using a communication facility to facilitate that distribution.

Count 1 is sweepingly broad. Its conspiracy allegedly began "[o]n or before at least 2002, the exact date being unknown to the Grand Jury." The conspiracy allegedly includes not only a conspiracy within the District of Columbia, but also in "the State of Maryland, the Commonwealth of Virginia, the State of California, *and elsewhere*" (emphasis added). The conspiracy alleges not only the eight named defendants, but also other unnamed co-conspirators known and unknown to the grand jury. And the conspiracy alleges a wide variety (and quantity)

1

of controlled substance mixtures, including at least 1 kilogram of heroin, 5 kilograms of cocaine, 50 grams of cocaine base, 1 kilogram of PCP, and an unspecified quantity of marijuana.

ARGUMENT AND CITATION OF AUTHORITIES

This Court should dismiss Count 1 of the superseding indictment, because of its failure to plead the essential facts of the offense, as required under Fed. R. Crim. P. 7(c), its violation of the venue and vicinage requirements of the U.S. Constitution, and its duplicity.

A. <u>Count 1 Should Be Dismissed for Failure to Charge the Essential Facts of the Offense</u>

Challenges to the facial sufficiency of an indictment are not only permitted, but also are required pre-trial. *See* Fed. R. Crim. P. 12(b)(3) ("a motion alleging a defect in the indictment" must be raised before trial). In the instant case, Count 1 of the superseding indictment is facially defective, and must be dismissed, due to its failure to comply with Fed. R. Crim. P. 7(c)(1), which requires that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Allowing the Government to proceed to trial on Count 1 would violate Defendant Bostick's Fifth Amendment right to be held to answer for an infamous crime only on the indictment returned by the grand jury, and his Sixth Amendment right to be informed of the nature and cause of the charges against him.

As noted above, Count 1's charge of conspiracy contains conclusory allegations that are sweepingly broad. The alleged conspiracy is not limited temporally. It is not limited geographically. It is not limited in its number of co-conspirators. While quantities are listed for a wide variety of controlled substances, no essential facts outline or delineate any of the transactions that supposedly comprise these substances or quantities.

Based on the superseding indictment, Defendant Bostick will not be able to adequately prepare to defend himself against Count 1's accusations. The Government would be able to

2

conform its theory of criminality to the evidence that develops at trial. In addition, without specifying any acts of Defendant Bostick that constitute the alleged offense, there is no way for the defense to know the facts on which the grand jury based its indictment. Defendant Bostick could be convicted based on facts or theories never presented to, or found by, the grand jury. These dangers make Count 1 constitutionally invalid, and require its dismissal.

The charges of an indictment must contain the essential facts necessary to inform the accused of the charge against him. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932) and *United States v. Debrow*, 346 U.S. 374 (1935)). In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court reversed the convictions of six petitioners because the indictment on which they were prosecuted failed to satisfy the requirements of Fed. R. Crim. P. 7(c). The Court discussed three distinct constitutional deprivations that Rule 7(c)'s requirement of a statement of essential facts was designed to prevent. All three of those considerations support dismissal of Count 1 here.

First, Rule 7(c)'s requirement of a statement of essential facts ensures that "in case any other proceedings are taken against [the defendant] for a similar offense, ... the record [will] show with accuracy to what extent he may plead a former acquittal or conviction." 369 U.S. at 764. In *Russell*, the double jeopardy bar was preserved because the indictments set out not only the times and places of the hearings at which the petitioners were called to testify, but also the precise questions the petitioners refused to answer.

No similar protection is apparent in Count 1 of this superseding indictment, which fails to set out the essential facts of Mr. Bostick's conduct for which he is being indicted. Other than naming Mr. Bostick as a conspirator, essentially nothing is said about his individual role. Is he being charged with conspiring with all eight co-conspirators? With fewer or only one? Or with

others who are unknown, or known but unnamed? Is he being charged with a conspiracy within this district – or one in Maryland, Virginia, or California – or "elsewhere"? Is he alleged to have been involved only in crack cocaine, as substantive counts 110-115 might suggest, or is he also involved in a conspiracy involving the other controlled substances and quantities listed in Count 1? If so, which ones, and how much? What were the dates of his individual involvement? The answer to all of these questions is simply that we do not know. Count 1 leaves open the very real possibility that Defendant Bostick could be charged in the future with offenses arising out of the same incident or incidents, and yet be unable to demonstrate that he has already been tried for the precise conduct charged in that later case.

The second constitutional concern identified by the Supreme Court in *Russell* provides an equally compelling basis for dismissal of Count 1. An indictment must sufficiently apprise a defendant of what he must be prepared to meet. 369 U.S. at 763. In other words, "the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." *Id.* at 749. Without such statements, "the indictment ... [leaves] the prosecution free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Id.* at 768. That is true under Count 1 here. Mr. Bostick has no understanding of the essential facts that provide him with notice of what he is charged with having done, or with whom, or when. These are the basic "who, what, when, where, and why" questions, and the essential facts that Rule 7(c) requires are missing. As charged, Count 1 can be expanded backward in time indefinitely.[1] Any person can become an unnamed co-conspirator. No matter where the activity

---

[1] This is not merely a theoretical concern. In its previous pleadings in this case, the Government has already claimed that the criminal acts of some of Defendant Bostick's co-defendants may date back more than 20 years.

4

occurred, it fits within Count 1's "elsewhere" language. In short, the Government can offer virtually any evidence at trial and then claim that it fits within Count 1's amorphous parameters.

Finally, the Supreme Court in *Russell* identified a third danger, that a defendant may be "convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.* at 770. The Fifth Amendment guarantee of a grand jury indictment is denied if a person is convicted for conduct which has not been determined by the grand jury to warrant an indictment. In this case, there is no way for Defendant Bostick to determine what facts the grand jury found to support Count 1. Unless Count 1 is dismissed, the Government would be able to obtain a conviction for conduct that the grand jury never heard, did not consider, or might even have specifically rejected.

By way of illustration, Count 1's ambiguity, and its potentially fluid scope, could allow the Government to add evidence of other drug transactions as it likes in order to try to collate the evidence necessary to meet the quantity thresholds (and mandatory minimums) established for the listed controlled substances in Count 1. For example, if it became apparent at trial that the jury found unconvincing the Government's evidence of a 2005 transaction that the grand jury had considered, or felt that Defendant Bostick was not involved in that transaction, this conclusion might ordinarily reduce the total drug quantity below Count 1's stated thresholds. Under Count 1 as charged, however, the Government could improperly try to "make up" for that loss by introducing evidence of a pre-2002 transaction that the grand jury had never considered, infringing on Defendant Bostick's Fifth Amendment grand jury rights.

Although Defendant Bostick has joined and filed motions for bills of particulars in this case, including particulars on Count 1, this Court's proper action is to dismiss Count 1 outright. Rule 7(c)'s requirement of essential facts is mandatory. A defective indictment cannot be cured

by a bill of particulars, and must be dismissed. *See Russell*, 369 U.S. at 770 ("a bill of particulars cannot save an invalid indictment").

### B. Count 1 Violates the U.S. Constitution's Venue and Vicinage Requirements

Rather than charging a drug conspiracy only in the District of Columbia, Count 1 describes a conspiracy that also existed in "the State of Maryland, the Commonwealth of Virginia, the State of California, and elsewhere." Accordingly, Count 1 should be dismissed.

Charging Mr. Bostick with a Maryland, Virginia or California conspiracy in this district violates his rights under the venue and vicinage provisions of the U.S. Constitution. Article III, Section 2, Paragraph 3 of the Constitution provides that, "The trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may be Law have directed." The vicinage guarantee of the Sixth Amendment similarly provides that, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law...." *See also Capital Traction Co. v. Hof*, 174 U.S. 1 (1899) ("It is beyond doubt, at the present day, that the provisions of the Constitution of the United States securing the right of trial by jury, whether in civil or criminal cases, are applicable to the District of Columbia.").

As codified in Fed. R. Crim. P. 18, "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Defendant Bostick acknowledges that Congress has adopted 18 U.S.C. § 3237, which provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which

such offense was begun, continued, or completed." Defendant Bostick further admits that this statute has been cited – without little or no analysis – as authority for prosecutions inside a single district of multi-state drug conspiracies. But the truth is that "the present case law of the Supreme Court of the United States does not set forth, in any definitive way, a comprehensive discussion of the values protected by the constitutional venue provisions." <u>United States v. Muhammad</u>, 502 F.3d 646 (7th Cir. 2007); <u>United States v. Reed</u>, 773 F.2d 477 (2d Cir. 1985) (same). Mr. Bostick respectfully submits that 18 U.S.C. § 3237 has not been carefully examined, and that its language does not authorize the prosecution of Count 1's multi-state drug offense.

By its own terms, 18 U.S.C. § 3237 is limited to offenses "against the United States." That language is important, and is not contained in other nearby statutes in Chapter 211's Jurisdiction and Venue portion of the U.S. Code.[2] Defendant submits that the plain meaning of this phrase, "offense against the United States" (instead of "offense against the laws of the United States," *see* note 2), is that the United States must be a victim of the crime in order for § 3237's expanded venue provisions to apply. Undoubtedly, certain types of federal crimes do fall within § 3237's parameters, such as Title 18's conspiracy offense, 18 U.S.C. § 371, which can involve a conspiracy to commit an offense "against the United States, or to defraud the United States, or any agency thereof." By contrast, a Title 21 conspiracy to violate the Controlled Substances Act does not fall within 18 U.S.C. § 3237's expanded parameters. Drug crimes have historically been considered victimless crimes, and in any event, the United States is not their victim of them; Title 21 U.S.C. § 846 contains no requirement that an offense be committed "against the United States" as an element of a drug conspiracy. The very fact that 18 U.S.C. §

---

[2] Title 18 U.S.C. §§ 3235 and 3236, for example, refer more generically to the "offense." Title 18 U.S.C. § 3231 refers to "offenses against the laws of the United States." This different language in nearby statutes demonstrates that the language contained in § 3237 was intended to convey a different meaning. In other words, "offense against the United States" means something other than "offense" or "offense against the <u>laws of</u> the United States."

7

3237's "offense against the United States" language essentially mirrors 18 U.S.C. § 371's conspiracy language – language which is absent from 21 U.S.C. § 846 – makes plain that a Title 21 drug conspiracy prosecution cannot properly utilize 18 U.S.C. § 3237's expanded venue.[3]

It is important to distinguish here that in Count 1 of the superseding indictment, the Government is not simply indicating that it plans to allege facts, or prove overt acts, that occurred in other states and districts, as part of a District of Columbia conspiracy. Instead, Count 1 specifically alleges a conspiracy outside of the District of Columbia – in Maryland, Virginia, California and "elsewhere." In other words, *on the face of the superseding indictment*, the Government is charging Mr. Bostick with *Maryland, Virginia and California crimes*. Under Rule 18 and the U.S. Constitution, those conspiracies must be prosecuted in the States and Districts where those crimes occurred, and may not be prosecuted or tried in this District.

An illustration of the reason for these rules, and vicinage issues that could develop if these constitutional requirements are ignored, can be seen in <u>Hamling v. United States</u>, 418 U.S. 87 (1974). There, the Supreme Court held that, in an obscenity prosecution, a jury evaluating prurient interest under the "average person, applying contemporary community standards" test, should <u>not</u> use a national standard. Instead, a petit juror sitting in obscenity cases should "draw on knowledge of the community or vicinage from which he comes" in evaluating community standards. Applying this rule to the instant situation, the Government's approach would mean that the Government can prosecute in U.S. District Court in Kansas an obscenity case involving a Kansas, New York and California conspiracy. Kansas jurors would apparently be asked to apply

---

[3] If 18 U.S.C. § 3731 did allow for single-district prosecutions of multi-state drug conspiracy crimes under 21 U.S.C. § 846, Mr. Bostick also submits that the statute would be unconstitutional, since under the venue and vicinage provisions of the U.S. Constitution, Maryland, Virginia and California crimes cannot properly be prosecuted and tried in the District of Columbia. This Court need not reach this constitutional question, however, which can and should be avoided by applying the statute's plain meaning, as noted above.

their own social mores in determining the validity of the New York or California crimes – or perhaps be told to try to evaluate the community standards of New York and California themselves, even though they do not live there and may never have visited there. The defense submits that this is not allowed under the venue and vicinage clauses of the U.S. Constitution.

Count 1 of the superseding indictment is defective on its face, and must be dismissed.[4]

C. <u>Count 1 Should be Dismissed as Duplicitous</u>

Because Count 1 charges Defendant Bostick with more than one crime in a single count, it also should be dismissed as duplicitous. Duplicity occurs when two or more separate offenses are joined in the same count. <u>United States v. UCO Oil Co.</u>, 546 F.2d 833, 835 (9th Cir. 1976). In the context of conspiracy, it has been recognized that an indictment that charges two or more conspiracies in a single count is considered duplicitous. <u>See United States v. Robin</u>, 693 F.2d 376, 378 (5th Cir. 1982) ("'Duplicity' is the joining in a single count of two or more distinct and separate offenses."); <u>see also United States v. Klinger</u>, 128 F.3d 705, 708 (9th Cir. 1997) (same); <u>United States v. Murray</u>, 618 F.2d 892, 896 (2d Cir. 1980) (same).

In this case, Count 1's broad conspiracy charge in reality is a combination of many separate conspiracies. The conspiracy can be divided among several different states. There are separate conspiracies involving different groups of people – a point essentially acknowledged in the Government's admission of its separate "wired" plea offers made to different groupings of defendants. And there are separate alleged conspiracies for several different types of controlled substances. Later in the indictment, Defendant Bostick faces substantive charges (Counts 110-115) that charge him only with a single controlled substance ("cocaine base"), and only in the

---

[4] If Count 1's conspiracy were properly limited to a District of Columbia conspiracy alone (with Maryland and other state conspiracies omitted), it is quite possible that the mandatory minimum threshold quantities for the controlled substances specified in Count 1 might never be reached. The Government should not be allowed to combine the conspiracies of various jurisdictions in order to reach drug quantities needed to establish mandatory minimums.

District of Columbia, but in Count 1, the vague, overbroad and conclusory allegations of a wide-ranging conspiracy involve multiple drugs types in various jurisdictions.

In evaluating the need for dismissal based on duplicity, Count 1 must be measured in terms of whether it exposes the defendant to any of the inherent dangers present in a duplicitous indictment. *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980). These dangers are 1) if the indictment fails to inform the defendant of the charges against him, 2) if the defendant would be subject to double jeopardy, 3) if the defendant would be prejudiced by evidentiary rulings at trial, and 4) if the defendant could be convicted by less than a unanimous verdict. *See Robin*, 693 F.2d at 378.

Here, these enumerated dangers of a duplicitous indictment are present in Count 1, and dismissal is warranted. First, as noted, Count 1 fails to provide Defendant Bostick with adequate notice of the charges against him. Its sweepingly broad allegations of conspiracy become even more problematic because Count 1 obviously contains multiple conspiracy charges. Not all of the named defendants were involved, or necessarily even aware of, the conspiracy involving each controlled substance, the conspiracy in each location, or even the involvement of each of the other co-defendants. These problems of inadequate notice are magnified in a case such as this, because the "conspiracy doctrine is inherently subject to abuse and . . . the government frequently uses conspiracy to cast a wide net that captures many players. . . ." Thus, when evaluating a conspiracy charge, courts must be "careful to guard against guilt by association, to 'scrupulously safeguard each defendant individually, as far as possible, from loss of identity in the mass.'" *United States v. Evans*, 970 F.2d 663, 668 (10th Cir. 1992) (quoting *Kotteakos v. United States*, 328 U.S. 750, 773 (1946)).

Second, the wording of the indictment may enable the government to re-try Defendant Bostick on nearly the same charge if the jury were to acquit him of this offense. As noted, Count 1 charges him with a conspiracy to possess and distribute heroin, cocaine, cocaine base, PCP and marijuana. If the jury were to acquit him of this count, the Government might attempt to re-indict him and charge him with a conspiracy to distribute only cocaine base. The Government could argue that the jury's acquittal meant that it simply concluded that Defendant Bostick was not involved in a conspiracy involving <u>all</u> of Count 1's listed controlled substances. Such a scenario would unfairly subject Defendant Bostick to double jeopardy, as much of the same evidence in this trial would be used against him in the next trial.

Third, Count 1's duplicity will prejudice Mr. Bostick at trial, by negatively affecting evidentiary rulings at trial. If the conspiracies involving each controlled substance, or each state, were tried separately, it appears highly likely that Mr. Bostick would not be charged in all such conspiracy counts. In that situation, evidence introduced concerning separate conspiracies involving heroin, for example, or California, might be introduced as to the other defendants, but not as to Defendant Bostick – and he would be entitled to receive a limiting instruction in a joint trial, advising the jury that this evidence should not be considered against him. In the trial of a duplicitous Count 1, however, Mr. Bostick's efforts to receive such limiting instructions will almost certainly be denied, and a jury will be freely able to consider prejudicial evidence of guilt by association concerning conspiracies in which he had no involvement.[5]

Finally, Count 1 creates risks that Defendant Bostick may be convicted by a less than a unanimous jury verdict. Count 1 of the indictment will likely confuse jurors, since it

---

[5] Moreover, Count 1's duplicity could prejudice Defendant Bostick's venue and vicinage rights. If its California conspiracy were properly segregated into a separate count, for example, it is obvious that the Government could not even argue that such a count could be tried outside of California.

incorporates several different crimes: conspiracy to distribute heroin, conspiracy to distribute cocaine, conspiracy to distribute cocaine base, conspiracy to distribute PCP, and conspiracy to distribute marijuana, for example. There is a significant likelihood that the jury might convict Defendant Bostick without unanimously agreeing on his guilt of the same offense – particularly given the close relationship between cocaine and cocaine base. Half of the jurors, for example, might find him guilty of conspiracy to distribute cocaine, and the other half could find that he was guilty of conspiracy to distribute cocaine base. In a separate trial, there would be no unanimous verdict, but in a trial of duplicitous Count 1, a split jury could collectively return a guilty verdict. Matters are further complicated because Count 1 involves eight individuals who have varying degrees of involvement, in a Washington, D.C. conspiracy, a Maryland conspiracy, a Virginia conspiracy, and a California conspiracy. Again, a jury could split on which of these involved Mr. Bostick, depriving him of his constitutional right to a unanimous verdict on each crime on which he faces prosecution.

## CONCLUSION

Count 1 of the superseding indictment fails to state the essential facts that Fed. R. Crim. P. 7(c) demands. It also violates the venue and vicinage requirements of the U.S. Constitution, and is duplicitous. Accordingly, dismissal of Count 1 is warranted.

WHEREFORE, Mr. Bostick respectfully requests that Count 1 of the superseding indictment be dismissed.

>                    Respectfully submitted,
>
>                    _____/s/_____
>                    Gregory S. Smith
>                    D.C. Bar No. 472802
>                    913 East Capitol Street, S.E.
>                    Washington, D.C. 20003
>                    (202) 460-3381

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT BOSTICK'S MOTION TO DISMISS COUNT 1 is being served upon the United States, Assistant United States Attorneys Anthony Scarpelli and George Eliopoulos, as well as upon counsel for each of Mr. Bostick's co-defendants, through the Electronic Case Filing system. This 30th day of April, 2008.

/s/
———————————
Gregory S. Smith