FILED

JUL 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  06-21 (RBW) -8 |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. §846 |
| | : | (Conspiracy to Distribute and Possess With |
| DONOVAN BOSTICK, | : | Intent to Distribute More than 100 |
| | : | Grams of Heroin and More than 5 |
| Defendant. | : | Grams of Crack Cocaine Base |
| | : | |
| | : | |

## GOVERNMENT'S PROFFER OF EVIDENCE

1.   From no later than 2003 and continuing to and including January 2006, the defendant, Donovan Bostick, was associated in fact with and did knowingly and willfully combine, conspire, confederate and agree together and with Cinquan Blakney, Ralph Ingram, India Graves, Sean Blakney, Kevin Morris, Tristan Sellers, James Morgan and persons both known and unknown to the United States to unlawfully, knowingly and intentionally distribute and possess with intent to distribute heroin and crack cocaine base. The narcotics trafficking conspiracy with which defendant Bostick was associated took place in Washington, D.C., Virginia, Maryland, California, and elsewhere.

2.   During his participation in the above-described conspiracy, defendant Bostick knowingly and intentionally conspired and agreed with a number of individuals, both known and unknown to the government, including those identified in paragraph number 1, above, to distribute and possess with intent to distribute more than 1 kilogram of heroin and more than 1.5 kilogram of crack cocaine base, which amounts include amounts distributed or possessed with intent to distribute by defendant's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by the defendant and within the scope of the defendant's conspiratorial agreement.

3.   During his participation in the conspiracy and as part of the conspiracy, defendant Bostick cut, mixed, cooked and packaged heroin and crack cocaine base for redistribution; referred narcotics customers to co-conspirators for purposes of having co-conspirators supply illegal narcotics to those customers; had co-conspirators refer customers to him for purposes of having him supply the customers with illegal narcotics; participated in the distribution of illegal narcotics; and collected the proceeds of narcotics trafficking.

4.   These activities also included, but were not limited to, the following controlled purchases of crack cocaine base from Donovan Bostick:

-- On October 16, 2005, a cooperating witness arranged with Donovan Bostick by telephone to purchase crack cocaine base. On that date, the cooperating witness purchased 12 bags of crack cocaine base from Donovan Bostick for $100.

-- On October 17, 2005, a cooperating witness arranged with Donovan Bostick by telephone to purchase crack cocaine base. On that date, the cooperating witness purchased 11 bags of crack cocaine base from Donovan Bostick for $100.

-- On October 20, 2005, a cooperating witness arranged with Donovan Bostick by telephone to purchase crack cocaine base. On that date, the cooperating witness purchased two large rocks of crack cocaine base from Donovan Bostick for $200.

5. Donovan Bostick has carefully read each and every paragraph of the 115-count indictment in this case, and he has no knowledge of any fact that would contradict or otherwise put in dispute the accuracy and truthfulness of any fact or allegation in the indictment.

6. The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-

described conspiracy. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

*(signature)*

GEORGE ELIOPOULOS
ANTHONY SCARPELLI
Assistants United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7294

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my participation in a conspiracy to distribute and possess with intent to distribute heroin, cocaine, crack cocaine base, PCP, and marijuana, in violation of Title 21, United States Code, Section 846. I have discussed this proffer fully with my attorney, Gregory S. Smith, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 7-23-2008

*(signature)*
DONOVAN BOSTICK
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's participation in a narcotics conspiracy. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: July 23, 2008

*(signature)*
GREGORY S. SMITH, Esquire
Counsel for Donovan Bostick